AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

| | |
|---|---|
| United States of America<br>v.<br><br>Jose Diaz, a/k/a Jose Padilla<br><br>_____<br>Defendant(s) | )<br>)<br>)<br>)  3:19-71169<br>)<br>) |

FILED
AUG -2 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

EDL

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 23, 2019__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841(a)(1) and (b)(1)(C) | Distribution of Narcotics, to wit, cocaine base<br><br>Maximum 20 Years' Imprisonment; Maximum Fine of $20 million; Maximum term of Supervised Release of life; Mandatory $100 Special Assessment |

This criminal complaint is based on these facts:
Please see attached affidavit of DEA Special Agent Brandon Cahill
Approved as to form _____
AUSA Ross Weingarten

☑ Continued on the attached sheet.

_____
Complainant's signature

Brandon Cahill, DEA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: __Aug 2, 2019__

_____
Judge's signature

City and state: __San Francisco, California__    Hon. Elizabeth D. Laporte, Magistrate Judge
Printed name and title

1-mjr

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brandon Cahill, a Special Agent with the Drug Enforcement Administration (DEA), being duly sworn, depose and state:

## I. INTRODUCTION

1. I make this Affidavit in support of a Criminal Complaint against JOSE DIAZ a/k/a Jose Padilla., for a violation of Title 21, United States Code, Sections 841(a)(1) and(b)(1)(C), possession with intent to distribute cocaine, a Schedule II controlled substance.

2. The facts set forth in this Affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause in support of a Complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

## II. AGENT BACKGROUND

4. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

5. I am employed by the United States Department of Justice, Drug Enforcement Administration ("DEA"), as a Special Agent and have been so employed since August 2015. I am assigned to the San Francisco Divisional Office.

6. I received 20 weeks of specialized drug law enforcement training at the DEA training academy in Quantico, Virginia, from August 2015 to January 2016. The training curriculum covered all aspects of drug investigations, including identification of controlled substances, physical and electronic surveillance, utilization of confidential sources, interview techniques, undercover operations, financial investigations, money laundering techniques, and the general operation of drug trafficking organizations. This training included instruction in the investigation of federal drug violations, including, but not limited to Title 21, United States Code, Sections 841 and 846. Additionally, this training included several hundred hours of comprehensive, formalized instruction in, but not limited to, controlled substances investigations, drug identification, detection, interdiction, financial investigations and money laundering, identification and seizure of drug related assets, undercover operations, and electronic and physical surveillance procedures. My employment background also includes over a year with the United States Secret Service Uniformed Division.

7.      During the course of my employment as a DEA Special Agent, I have participated in many controlled substance investigations either as a case agent or in a supporting role. I have debriefed confidential sources and witnesses who had personal knowledge regarding drug trafficking organizations. In addition, I have discussed with numerous law enforcement officers and confidential sources the methods and practices used by drug traffickers. I have also participated in many aspects of drug investigations including, but not limited to, undercover operations, telephone toll analysis, records research, physical surveillance, and assisted in court ordered wiretap investigations. Moreover, I have assisted in the execution of numerous federal and state search and arrest warrants related to illegal activities involving controlled substances that resulted in the arrest of suspects and seizure of controlled substances.

8.      I have monitored, conducted surveillance, or otherwise participated in an investigation that utilized wire interceptions. I have participated in writing, editing, and reviewing federal affidavits made in support of electronic interceptions.

9.      In addition, I have participated, in connection with these and other cases, in approximately two follow-up investigations concerning the concealment of assets, money, bank records, etc., and the identification of co-conspirators through the use of drug ledgers, telephone records and bills, photographs, and financial records.

10.     Through my training, education, experience, and my conversations with other agents and officers who conduct drug investigations, I have become familiar with drug traffickers' use of mobile telephones, and their use of numerical codes and code words to conduct their business. I have become familiar with drug traffickers' methods of operation, including, but not limited to, the manufacturing, distribution, storage, and transportation of controlled substances, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds. By virtue of my training and experience, and through my conversations with other agents and officers who conduct drug investigations, I have become familiar with the methods used by drug traffickers to import, transport, safeguard, and distribute drugs, and the methods used by drug traffickers to collect, transport, safeguard, remit, and/or launder drug proceeds.

### III.     APPLICABLE LAW

11.     Section 841 of Title 21 of the United States Code provides, in pertinent part: "it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]"

### IV.     FACTS ESTABLISHING PROBABLE CAUSE

12.     On July ~~32~~ 23 BC, 2019, I and other law enforcement officers conducted a "Buy Walk" operation in the area of 8th Street and Mission Street in San Francisco, which is located in the Tenderloin neighborhood. A San Francisco Police Department ("SFPD") officer was the designated "buy" officer and was acting undercover (the "UC"). The UC was provided with Marked City Funds to be used in the operation to purchase narcotics.

13. SFPD officers conducted surveillance and video recorded the following events. I have reviewed that video footage.

14. At approximately 8:00 PM, the UC was standing on the west sidewalk, north of Mission street, when he observed a subject later identified as JOSE DIAZ a/k/a Jose Padilla walking towards him.

15. The UC approached DIAZ and asked him to purchase five nickels of "ROCA," which is slang for crack cocaine for 21 dollars. The UC gave DIAZ $21 from the marked City Funds that he had on him and DIAZ counted the money. DIAZ and the UC then walked together on 8th Street. During the walk, DIAZ removed from his mouth five bindles of suspected cocaine base, a/k/a crack cocaine. The five bindles were individually wrapped in clear plastic baggies. DIAZ spat them from his mouth and put them in the UC's hand. The UC then walked away on 8th Street with the suspected crack cocaine, thus completing the transaction.

16. Shortly after the transaction, SFPD officers stopped DIAZ and placed him under arrest at 8th Street and Mission Street in order to positively identify him. The UC arrived to that location and positively identified DIAZ as the individual from whom he has just purchases suspected cocaine base.

17. Law enforcement officers on the scene conducted a field test using a TruNarc device on one of the baggies containing a substance suspected of being cocaine that DIAZ sold to the UC. Those tests indicated a positive result that the baggie contained cocaine base.

18. SFPD officers located a cell phone on DIAZ. DIAZ provided his cell phone number to officers. DIAZ also provided the officers with his address in San Francisco. DIAZ was then placed under arrest by SFPD officers and transported to the SFPD Tenderloin Station.

19. Based on my training and on conversations other law enforcement officers, and based on a review of the video surveillance footage from the narcotics transaction described above, I believe DIAZ possess cocaine base for sale and did in fact sell it to the UC, who was working as an undercover officer. I also know from my training and experience that drug traffickers often package drugs for potential customers in plastic baggies so they can be sold separately to customers. The cocaine base that DIAZ sold to the UC was packaged in this way.

//

//

//

//

//

//

//

## V.     CONCLUSION

20.     Based upon the information contained within this Affidavit, I submit that I have established probable cause to believe that JOSE DIAZ has violated Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), possession with intent to distribute cocaine base.

I declare under penalty of perjury that the statements above are true and correct to the best of my knowledge and belief.

Respectfully submitted,

_____
Brandon Cahill
Special Agent
Drug Enforcement Administration


Subscribed and sworn to before me on August ___2___, 2019.

_____
HONORABLE ELIZABETH D. LAPORTE
UNITED STATES CHIEF MAGISTRATE JUDGE

4